**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RANDALL LAMONT ROLLE,**

    Plaintiff,

vs.                                         Case No.: 4:16cv50-RH/CAS

**CITY OF TALLAHASSEE,
DAVID COLLINS, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff Randall Rolle, proceeding pro se, has filed a "motion for assistance in service," ECF No. 40.  Mr. Rolle requests assistance in serving Defendant David Collins, asserting that he sent waiver forms to Mr. Collins but has not received a signed waiver form in response.  *Id.*

    At the time this case was initiated, Mr. Rolle was not incarcerated.  He is a frequent filer, having initiated twenty-seven civil rights cases over the past decade.  These cases have generally litigated the same claims against the same Defendants over and over.  None have been successful.

In light of the instant motion and time consuming review of the multitude of cases filed by Mr. Rolle, it does not appear that Mr. Rolle's motion should be granted.  Indeed, the claim against Mr. Collins should be dismissed.  Mr. Collins should not put to the time and expense of addressing Mr. Rolle's redundant claims.

Mr. Collins was Mr. Rolle's criminal defense attorney.  Ordinarily, a civil rights case cannot proceed against a public defender or retained counsel because a criminal defense attorney is not a "state actor" pursuant to § 1983 absent a conspiracy with state actors.  Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  It appears that Mr. Rolle seeks to avoid sua sponte dismissal by asserting that Mr. Collins was in a conspiracy with Judge Thomas Bateman.[1]  ECF No. 29 at 5.

The facts stated to support Mr. Rolle's conspiracy theory are that in February 2004, Mr. Collins was hired to pursue a post-conviction motion. ECF No. 29 at 9.  "Mr. Collins agreed not to file" a post-conviction motion

---

[1] The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," neither a public defender nor private counsel is a "state actor" for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981).

Case No. 4:16cv50-RH/CAS

raising lack of jurisdiction, and Judge "Bateman agreed to sanction Plaintiff so no pro se motions could be filed and to deny all postconviction relief." *Id.* Mr. Collins wrote Mr. Rolle, advising him that his "sentence was not illegal." Mr. Rolle contends that Mr. Collins should have filed an amended post-conviction motion challenging the illegal search of his home and a motion to suppress. *Id.* at 11-12. Mr. Rolle claims that his "conviction was void and must be set aside," and Mr. Collins should have filed a post-conviction motion challenging his arrest. *Id.* at 11-12.

First, beyond making a conclusory assertion that there was a conspiracy between Judge Bateman and Mr. Collins, there are no plausible facts presented which support such a claim. "In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (cited in Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985)). Mr. Rolle's conspiracy claim is only a vague reference unsupported by facts. It is insufficient to avoid sue sponte dismissal of his claim against his defense counsel, Mr. Collins.

Second, the claims raised in this case are based on the same facts as Mr. Rolle previously litigated in case number 4:14cv340-WS/GRJ. In that case, Mr. Rolle filed a lengthy complaint, ECF No. 1, challenging the

search of his residence without a warrant in October 2002, and his subsequent arrest.  Mr. Rolle also challenged the Information filed against him in November 2002, the failure to file a motion to suppress and conduct an investigation, and his conviction.  Mr. Rolle claimed that Mr. Collins was hired by his father to represent him in February 2004.  ECF No. 1 at 15 of case 4:14cv340.  Mr. Rolle claimed that Mr. Collins would not file a motion to suppress and wanted Mr. Rolle to enter a plea.  *Id.*  Mr. Rolle claimed that Mr. Collins "conspired with" Kathryn Ray and Judge Bateman.  *Id.* at 16.  Those claims are the same claims raised in this case.  Those claims were dismissed in July 2014 because the claims were barred by the statute of limitations.  ECF Nos. 5, 7.  The instant claims raised against Mr. Collins are time barred, just as they were in case number 4:14cv340.

Third, Mr. Rolle's claims are based on the same factual allegations brought in numerous cases filed in this Court, but specifically, they are identical to the relevant facts brought against Mr. Collins in case number 4:14cv340.  Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  In other words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier

lawsuit.  Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).  "Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources."  Maldonado v. U.S. Atty. Gen., 664 F.3d 1369, 1375 (11th Cir. 2011) (citations omitted).

Mr. Rolle's claims have been presented numerous times, and it is a time consuming process to sort through the multitude of cases filed by Mr. Rolle to separate the claims brought against the many persons he has sued concerning his arrests and convictions.  No new claims[2] have been presented and, even if they were, it would be extraordinarily difficult for Mr. Rolle to show that the new claim could not have been raised in one of the twenty-seven prior cases.  The resources of this Court should be expended upon cases which have not already been litigated.

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

---

[2] "*Res judicata* applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact."  Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir. 1992) (quotation marks omitted).  Additionally, "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions."  In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990).

<u>In re Piper Aircraft Corp.</u>, 244 F.3d at 1296.  All four of these requirements are met in this case.  The claims arise from the same events raised in case number 4:14cv340-WS/GRJ, and previously raised in case number 4:07cv167-RH/AK, which was dismissed as frivolous under 28 U.S.C. § 1915 because Mr. Rolle sought to invalidate his conviction while he remained incarcerated.  *See* ECF Nos. 23 and 27, of case number 4:07cv167.  Mr. Rolle has presented these same claims previously and they have been rejected.  Indeed, Mr. Rolle's claims were not just rejected in his civil rights cases, but in his habeas petition as well.  *See* case number 4:06cv452-SPM/WCS.[3]

The claims against Mr. Collins have been resolved in case number 4:07cv167-RH/AK and the successive § 1983 claims brought against him in this case are barred by *res judicata* and the statute of limitations.  Because the claims are insufficient, there is no reason to grant Mr. Rolle's motion for assistance in serving Mr. Collins.  That motion, ECF No. 40, should be denied and the claims raised against Mr. Collins dismissed.

---

[3] The Report and Recommendation, ECF No. 32 of case number 4:06cv452 detailed Mr. Rolle's claims and concluded that a search warrant existed, there was no basis for raising a Fourth Amendment claim, and counsel was "not ineffective for pursuing a frivolous motion." ECF No. 32 at 10-17.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Mr. Rolle's motion for assistance in service, ECF No. 40, be **DENIED**, and the claims brought against Defendant David Collins be **DISMISSED** because they are barred by *res judicata* and the statute of limitations. It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 21, 2016.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv50-RH/CAS