IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

      Plaintiff,

v.                            Case No. 4:16-cv-50-RH-GRJ

CITY OF TALLAHASSEE, et al.,

      Defendants.
_____/

## ORDER & REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 38, Defendant City of

Tallahassee's Motion to Dismiss, ECF No. 43, Defendants Judge

Bateman, Judge Hood, and Maceluch's Motion to Dismiss, and ECF No.

59, Plaintiff's Motion for Leave to File a Second Amended Complaint Under

42 U.S.C. § 1983. Plaintiff has not filed responses in opposition to the

motions to dismiss and the time for doing so has expired.[1] The motions

---

[1] Defendant City of Tallahassee filed its motion to dismiss on October 14, 2016.
(ECF No. 38.) Defendants Judge Bateman, Judge Hood, and Maceluch then filed their
motion to dismiss on November 23, 2016. (ECF No. 43.) Plaintiff's response to
Defendant City of Tallahassee's motion to dismiss was due by December 12, 2016.
(ECF No. 41.)
     On December 12, 2016, however, Plaintiff filed a motion for a sixty (60) day
extension of time to file his response because he had two other actions pending in state
court that required research prior to working on this action. (ECF No. 48.) The Court
extended the time for Plaintiff to respond to both Defendant City of Tallahassee's
motion to dismiss and Defendants Judge Bateman, Judge Hood, and Maceluch's
motion to dismiss to January 27, 2017. (ECF No. 49.)
     On January 20, 2017, Plaintiff filed another motion for enlargement of time

are, therefore, ripe for review. For the reasons explained below, Plaintiff's

motion for leave to file a second amended complaint is denied and it is

respectfully recommended that the motions to dismiss be granted.

## I. **DEFENDANTS' MOTIONS TO DISMISS**

### A. Introduction

Plaintiff, a *pro se* non-prisoner litigant, initiated this case on January

27, 2016, under § 1983. Plaintiff's claims stem from the following sequence

of events. On January 4, 2002, Plaintiff was arrested and charged with

possession of cocaine with intent to sell, giving a false name or

identification to officer, unlawful display of driver's license, and driving

under the influence. Pursuant to a plea of no contest, Plaintiff was

adjudicated guilty on August 19, 2002, and sentenced to two years

probation. On October 25, 2002, however, Plaintiff was arrested pursuant

---

because he was in custody at the Leon County Jail, had not yet been able to go to the
law library, and was unable to get relevant evidence and exhibits which were at home.
(ECF No. 51.) The Court granted Plaintiff's request and extended the response
deadline for both motions to dismiss to February 17, 2017. (ECF No. 53.) The Court
advised Plaintiff that no further extensions of time would be provided. (*Id.*)

Nonetheless, Plaintiff persisted and filed another motion for extension of time on
February 27, 2017, requesting a sixty (60) day extension of time to respond to the
motions to dismiss. (ECF No. 57.) He claimed he was unable to file responses due to
his present "unconstitutional confinement." (*Id.*) The Court denied Plaintiff's request for
an extension of time because (1) he failed to demonstrate excusable neglect for failing
to timely request an extension of time, and (2) Plaintiff had been granted ample time to
file his responses and demonstrated that despite being in custody, that he was capable
of filing motions and other responses. (ECF No. 58.)

to arrest warrant for attempted murder. Following his arrest, law enforcement searched Plaintiff's residence and discovered firearms and cocaine. Consequently, Plaintiff's probation officer filed a violation of probation affidavit on November 6, 2002. The evidence discovered during the search of Plaintiff's residence was used against Plaintiff during his violation of probation hearing on May 8, 2003. Plaintiff's probation was revoked and he was sentenced to ten years' imprisonment. (ECF No. 1).

As defendants Plaintiff names: (1) the City of Tallahassee, Florida; (2) Officer Nicole Raysor; (3) Brian Engles; (4) M. Lilja Dandelake; (5) John Maceluch; (6) Judge Thomas Bateman; and (7) David Collins. (*Id.*) Plaintiff was granted leave to proceed as a pauper, but because Plaintiff was a non-prisoner litigant the Court issued summonses and directed Plaintiff to effectuate service. (ECF No. 4.)

Plaintiff then filed a first amended complaint on September 23 2016, purporting to bring claims only against: (1) Judge Thomas Bateman; (2) City of Tallahassee, Florida; (3) David Collins; (4) M. Lilja Dandelake; (5) Judge Richard Hood; and (6) John Maceluch. (ECF No. 29.)[2] Plaintiff

---

[2] Although the Court issued a summons for Defendant Collins, service was never effectuated and Plaintiff's claims against Defendant Collins were subsequently dismissed as conclusory, barred by the doctrine of res judicata, and barred by the statute of limitations. (ECF Nos. 42, 50.) Similarly, although the Court issued a summons for Defendant Dandelake, and Defendant Dandelake filed a motion to dismiss in response to Plaintiff's original complaint (ECF No. 11), because the

claims, generally, that Defendants violated his Fourth, Sixth, and Fourteenth Amendment rights throughout the aforementioned arrests and state criminal court proceedings. He also says Defendants were negligent and maliciously prosecuted Plaintiff. He seeks declaratory relief, an injunction declaring procedures unconstitutional and prohibiting further usage of procedures, costs, and any other relief deemed proper.

## B. Standard of Review

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right

---

amended complaint failed to include a certificate of service, it is unknown whether or not Defendant Dandelake was served with the amended complaint. (ECF No. 49.) Nevertheless, nothing has been received from Defendant Dandelake following the filing of the amended complaint. (*Id.*)

to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*, 556 U.S. 662).

## C. Discussion

Defendant City of Tallahassee argues that Plaintiff's claims should be dismissed for failure to state a claim and as barred by the statute of limitations. (ECF No. 38.) Similarly, Defendants Judge Bateman, Judge Hood, and Maceluch argue that Plaintiff's claims fail to state a claim for

relief, are barred by absolute judicial immunity and absolute prosecutorial immunity, and are barred by the statute of limitations. (ECF No. 43.)

This case has a long and tortured history. Plaintiff is a serial filer having filed twenty-eight cases in this District alone since 2005. He has presented the same claims against the same general defendants based on the same facts as the instant complaint time and time again in both this District and the Middle District of Florida, despite being advised that his claims fail and that he will be sanctioned if he continues to file frivolous complaints.

Plaintiff first brought these claims almost ten years ago in *Rolle v. Raysor*, No. 4:07-cv-285-RH-WCS (N.D. Fla. June 19, 2007). That case was dismissed for failure to state a claim upon which relief may be granted because Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),[3] and because Plaintiff attempted to sue defendants who were immune from damages. No. 4:07-cv-285-RH-WCS, ECF Nos. 16, 18–19. Plaintiff appealed and the Eleventh Circuit Court of Appeals affirmed that

---

[3] Under *Heck,* state prisoners are barred from pursuing § 1983 actions that, if successful, would necessarily imply the validity of a plaintiff's conviction. 512 U.S. at 477. In considering whether a § 1983 claim is *Heck*-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 642, 646–48 (1997). If the factual basis of the plaintiff's civil case is "inconsistent with [his] convictions having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

dismissal. *Id.*, ECF No. 33. The United States Supreme Court subsequently denied certiorari. *Id.*, ECF No. 43.

Apparently not satisfied that the United States Supreme Court denied hearing his case, Plaintiff returned to this Court and again tried to bring the same claims based on the same facts and against primarily the same defendants in *Rolle v. Raysor*, No. 4:08-cv-453-RH-WCS (N.D. Fla. Oct. 15, 2008). Plaintiff's case was dismissed because the Court denied him leave to proceed as a pauper and he refused to pay the filing fee. No. 4:08-cv-453-RH-WCS, ECF Nos. 12, 14–15. Nonetheless, the Court also noted that Plaintiff failed to respond to the Court's order to show cause as to why he should not be sanctioned for attempting to bring the same case previously dismissed in this Court. *Id.* The Court stated,

> Plaintiff refuses to acknowledge the meritless nature of his claims and repetitive cases. That refusal does not change the fact that this case is barred by *Heck v. Humphr[e]y*, just as it was the first time he filed these claims. Case 4:07cv285. Should Plaintiff continue to file concerning these claims which have already been dismissed and upheld on appeal, it will be recommended that the Court consider Rule 11 sanctions against Plaintiff.

*Id.*

Still failing to acknowledge and accept the meritless nature of his claims and repetitive cases, Plaintiff again tried to bring the same claims in this Court based on the same facts and against primarily the same

defendants in *Rolle v. Engles*, No. 4:14-cv-342-RH-CAS (N.D. Fla. July 2, 2014). That case was dismissed—with prejudice—as frivolous because Plaintiff's claims were barred by the doctrine of res judicata and the statute of limitations for § 1983 claims. No. 4:14-cv-342-RH-CAS, ECF Nos. 5, 7–8.[4] Plaintiff appealed and the Eleventh Circuit dismissed his appeal for failure to prosecute. *Id.*, ECF Nos. 10, 16.

Next, Plaintiff tried pursuing his claims in the Middle District of Florida. *See Rolle v. Raysor*, No. 5:15-cv-180-JSM-PRL (M.D. Fla. April 9, 2015). The Middle District dismissed Plaintiff's claims against these Defendants as barred by res judicata and the statute of limitations, and therefore, frivolous. *Id.*, ECF No. 3.

Unsatisfied, Plaintiff tried bringing the same claims against primarily the same defendants again in the Middle District of Florida. *See Rolle v. Raysor*, 5:15-cv-268-JSM-PRL (M.D. Fla. June 1, 2015). His claims were dismissed as barred by res judicata, barred by the statute of limitations, and as frivolous. *Id.*, ECF No. 3. The Middle District warned Plaintiff that sanctions would be entered against him if he continued filing such frivolous actions. *Id.*

---

[4] Furthermore, because Plaintiff's claims could not go forward, Plaintiff's request for declaratory and injunctive relief were also denied. *Id.*

Plaintiff declined to heed the Middle District's sanction warning and instead tried bringing his claims again several months later. *See Rolle v. City of Tallahassee*, No. 5:15-cv-462-JSM-PRL (M.D. Fla. Sept. 9, 2015). The court dismissed Plaintiff's claims as barred by res judicata and the statute of limitations, as meritless, and as frivolous. *Id.*, ECF No. 3. The Middle District also imposed a sanction in the amount of $200.00 for his continued attempts to file frivolous complaints in the Middle District and his repeated failure to heed the court's prior warnings that sanctions would be imposed against him for filing frivolous complaints. *Id.*, ECF Nos. 3, 5, 9. Although Plaintiff appealed, the Eleventh Circuit dismissed his appeal for want of prosecution for failing to timely pay the filing fees. *Id.*, ECF Nos. 13–14.

Presumably not happy with the results in the Middle District, Plaintiff returned to the Northern District, apparently hoping the fourth time here and seventh time overall would be the charm. Plaintiff filed the instant action asserting the same claims, against primarily the same defendants, based on the same facts. (ECF No. 1.) The only thing different about the instant complaint from the prior complaints in this District is that Plaintiff adds the following allegations and claims against the City of Tallahassee: (1) On April 7, 2015, after being informed at a Nelson Hearing that nothing

could be done regarding his illegal ten-year sentence, the City of Tallahassee violated Plaintiff's Fourth and Fourteenth Amendment rights because the City has no procedures in place to correct Plaintiff's illegal ten-year sentence; and (2) In November 2015, after his motion to correct illegal sentence was returned without ruling due to sanctions, the City of Tallahassee violated Plaintiff's Fourth and Fourteenth Amendment rights because the City has no procedures in place to correct Plaintiff's illegal ten-year sentence. (ECF No. 29 at 10, 14.) Like all the times before, however, Plaintiff's claims are due to be dismissed.

First, with respect to all Defendants, Plaintiff's allegations and claims relate to 2002 through 2006 are barred by the statute of limitations. A court may dismiss a claim on statute of limitations grounds if it is apparent from the face of the complaint that the claim is time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In Florida, " a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Plaintiff's allegations concern events that occurred more than then years ago. Thus, any § 1983 claims against these Defendants are long since time-barred. Plaintiff is indeed aware of this, as he was previously informed of this fact in five prior cases against these

specific Defendants. *See* Nos. 4:14-cv-342-RH-CAS; 5:15-cv-180-JSM-PRL; 5:15-cv-268-JSM-PRL; 5:15-cv-462-JSM-PRL. 4:14-cv-342-RH-CAS.

Second, with respect to Judge Bateman, Judge Hood, and Maceluch, Plaintiff's claims are barred by the doctrines of judicial immunity and prosecutorial immunity. A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). Prosecutorial immunity applies to a prosecutor's actions in acting as an advocate for the state, including initiating a prosecution, making appearances before the court, and presenting the state's case. *Hart v. Hodges*, 587 F.3d 1288, 1294–97 (11th Cir. 2009) (citations omitted). "Common law gives absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Id.* at 1294 (11th Cir. 2009) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009)). None of Plaintiff's allegations pertaining to Judge Bateman, Judge Hood, or Defendant Maceluch (the assistant state attorney assigned to Plaintiff's case) pertain to actions taken in the clear absence of all jurisdiction or actions not intimately associated with the judicial phase of Plaintiff's criminal proceeding.

Third, Plaintiff's claims pertaining to events that occurred from 2002 through 2006 are barred by res judicata. *See In re Piper Aircraft Corp.*, 244 f.3d 1289, 1296 (11th Cir. 2001) (under the doctrine of res judicata, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action"). Plaintiff litigated these claims (with the exception of his claims against Defendant City of Tallahassee arising from 2015) all the way through the Eleventh Circuit and was denied certiorari by the Supreme Court. *See* No. 4:07-cv-285-RH-WCS.

Fourth, Plaintiff's claims against Defendant City of Tallahassee arising from allegations concerning events in 2015 are conclusory, meritless, cannot be cured by amendment, and are frivolous. Although framed as claims having recently arisen, these claims are nothing more than an attempt to circumvent the statute of limitations and attack his 2002 conviction, revocation of probation, and ten-year sentence. Furthermore, a city has no authority to establish procedures relating to the judicial process. To the extent Plaintiff takes issue with the lack of procedures available to correct an alleged illegal sentence, there are indeed judicial procedures available to correct illegal sentences. Plaintiff, however, refuses to accept either his loss using those procedures or his failure to properly and timely

utilize them.

Accordingly, Defendant City of Tallahassee's motion to dismiss and Defendants Judge Bateman, Judge Hood, and Maceluch's motion to dismiss should be granted and Plaintiff's claims should be dismissed as frivolous.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

To the extent Plaintiff seeks leave to file a second amended complaint, his request is denied. In his motion for leave to amend Plaintiff represents that his second amended complaint drops his claims against the City of Tallahassee, but adds claims against seven defendants: (1) Judge James Hankinson; (2) Nicole Raysor, Probation Officer; (3) Brian Engles, Probation Supervisor; (4) Assistant Attorney General Sherrie Rollinson; (5) Judge Paul Hawkes; (6) Judge Peter Webster; and (7) Judge Richard Ervin. (ECF No. 59.) Plaintiff's proposed second amended complaint also still asserts claims against Defendants Dandelake, Maceluch, Judge Hood, David Collins, and Judge Bateman. (*Id.*) Plaintiff's claims are—like his original and first amended complaint—all related to his August 19, 2002 conviction, and subsequent revocation of probation on May 8, 2003. Plaintiff represents that his motion for leave to file his second amended complaint has been filed in good faith. (*Id.*)

A party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Crim. Appeals.,* 256 F.3d 1266, 1274 (11th Cir. 2001). "There must be a substantial reason to deny a motion to amend. . . . . Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Id.* (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff's motion for leave to file a second amended complaint is denied for two reasons. First, despite Plaintiff's insistence that his motion for leave to amend has been filed in good faith, the Court disagrees. As previously discussed, Plaintiff has been told repeatedly that his claims fail against these defendants because they are *Heck*-barred, and barred by various immunity doctrines, res judicata, and the statute of limitations. He has repeatedly been warned that these claims are frivolous and that he will be sanctioned if he continues to file these claims. Yet he persists. Notably,

Plaintiff's proposed second amended complaint wholly fails to address the deficiencies raised in Defendants' motions to dismiss. Although Plaintiff was unable to file responses to the pending motions to dismiss, he was nonetheless somehow able to compose the instant twenty-page proposed second amended complaint, as well as a memorandum of law and various exhibits totaling 177 pages. (ECF Nos. 59-1, 59-2.) Moreover, despite the Court having previously dismissed Plaintiff's claims against Defendant Collins, Plaintiff nonetheless asserts the same claims against Defendant Collins in his proposed second amended complaint. It appears that Plaintiff completely ignores what the Court previously has told him time and time again. Plaintiff's motion for leave to amend is nothing more than another blatant attempt to disregard the Court's previous orders and rulings in this case and the prior dismissed cases. *See Reliford v. City of Tampa Housing Auth.*, 190 F. App'x 928, 928–29 (11th Cir. 2006) (affirming district court's order denying leave to amend where proposed amendment was "a transparent attempt to get around the immunity problem raised by the motion to dismiss" and was made in bad faith). Surely, Plaintiff's actions establish nothing other than bad faith, thereby requiring that leave to amend be denied.

Second, amendment would be futile. Four of the defendants Plaintiff

wishes to bring claims against in his second amended complaint are state court judges—Judge Hankinson, Judge Hawkes, Judge Webster, and Judge Ervin. Plaintiff's proposed claims against these judges are relate to the various rulings they made in Plaintiff's criminal cases. But as stated above, a judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin*, 225 F.3d at 1239. Merely making rulings that Plaintiff disagrees with does not render a judge's actions in the clear absence of all jurisdiction. Plaintiff cannot state a claim for relief against these proposed defendants.

Additionally, all of Plaintiff's claims in his proposed second amended complaint are barred by the statute of limitations as previously discussed. Amendment would be futile and do nothing more than reward Plaintiff's bad faith and encourage him to continue filing the same frivolous claims. Accordingly, Plaintiff's motion for leave to amend is denied.

## III. <u>SANCTIONS</u>

Finally, for the reasons discussed above, the Court further recommends that sanctions be imposed against Plaintiff for continuing to file the same frivolous complaints in contravention of the Court's warnings. Section 1915(a) permits federal courts to "authorize the commencement,

prosecution or defense of any suit . . . or appeal therein, without

prepayment of fees." Nonetheless, § 1915(e)(2) requires federal courts to

dismiss "frivolous or malicious" cases. United States Supreme Court cases

further suggest that a court may deny in forma pauperis status

prospectively. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008)

(revoking appellant's in forma pauperis privilege and directing the Clerk to

refuse to accept any more of appellant's civil appeals that are not

accompanied by the appropriate filing fees).

> For example, in *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993,
> 103 L.Ed.2d 158 (1989) (per curiam), the Court directed its
> Clerk not to process unpaid extraordinary writ petitions from a
> particularly abusive litigant, explaining, "[e]very paper filed with
> the Clerk of this Court, no matter how repetitious or frivolous,
> requires some portion of the institution's limited resources. A
> part of the Court's responsibility is to see that these resources
> are allocated in a way that promotes the interests of justice." *Id.*
> at 184, 109 S.Ct. 993. Importantly, the *McDonald* Court made
> this decision after analyzing section 1915(a) . . . . *Id.* at 183–84,
> 109 S.Ct. 993. Since *McDonald*, the Supreme Court has
> regularly issued blanket prohibitions against granting IFP status
> for non-criminal petitions from abusive filers, *see, e.g.*,
> *Al–Hakim v. Publix Supermarkets*, —— U.S. ——, 128 S.Ct.
> 712, 169 L.Ed.2d 550 (2007) (per curiam); *Martin v. D.C. Court
> of Appeals*, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992)
> (per curiam), and other circuits have relied on the Court's
> pronouncements in prospectively denying IFP status to abusive
> litigants, *see, e.g.*, *Visser v. Supreme Court of Cal.*, 919 F.2d
> 113, 114 (9th Cir.1990) (order); *Maxberry v. SEC*, 879 F.2d
> 222, 224 (6th Cir.1989) (per curiam). Finally, in 1996, Congress
> amended 28 U.S.C. § 1915 to prevent prisoners who have filed
> three frivolous, malicious or meritless claims from proceeding
> IFP in future cases unless they are "under imminent danger of

serious physical injury." *See* Prison Litigation Reform Act, Pub.L. No. 104–134 §§ 801–10, 110 Stat. 1321 (1996). If such a rule is appropriate for prisoners, who are severely limited in their ability to earn money to pay filing fees, surely it is permissible for similarly vexatious non-incarcerated litigants.

*Id.*

The Eleventh Circuit has further explained:

The right of access to the courts "is neither absolute nor unconditional." . . . . Conditions and restrictions on each person's access are necessary to preserve the judicial resources for all other persons. Frivolous and vexatious lawsuits threaten the ability of a well-functioning judiciary to all litigants. . . . . Absent monetary costs as a constraint, the sheer volume of frivolous IFP suits threatens to undermine the availability of the federal courts to the public. To counter such threat and to protect its jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants. Reimposing financial considerations in the form of filing fees on indigent litigants is one way the courts can fulfill their "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."

*Id.* (internal citations omitted). The Court recognizes that any injunction imposed on an indigent *pro se* litigant must not go beyond what is sufficient to protect the district court's jurisdiction from the litigant's repetitive filings related to the particular issue at hand, thereby upholding the litigant's general right of access to the courts. *Id.* at 1097–99; *see also In re Martin-Trigona*, 737 F.2d 1254, 1262–63 (2d Cir. 1984) (holding that district court properly issued injunction prohibiting vexatious litigant from further litigation

in federal court without prior leave of court). This Court has followed this authority in at least one other case, whereby a vexatious litigant's IFP status was revoked and the Clerk was directed to refuse any future filings unless accompanied by the full filing fee. *See Johnson v. Irby*, No. 1:09-cv-3-MP-AK, 2009 WL 1973510, at *1 (N.D. Fla. July 8, 2009); *see also Bethel v. Bosch*, No. 10-651-WS-M, 2010 WL 5014752, at *6–7 (S.D. Ala. Dec. 2, 2010) (prohibiting plaintiffs from filing any new lawsuits without prior judicial review and approval).

Plaintiff repeatedly has failed to heed warnings that sanctions may be imposed if he continues to abuse the judicial process by filing frivolous complaints.[5] The filing of frivolous complaints requires the Court to waste valuable judicial resources that could and should be spent on the many other meritorious cases pending before the Court. Although Plaintiff has repeatedly been labeled a "frequent filer" and "serial filer,"[6] Plaintiff appears

---

[5] For example, in Case No. 5:15-cv-462-JSM-PRL, the Middle District imposed a $200 monetary sanction against Plaintiff and warned him that "he could also be enjoined from filing cases in the future. . . . If monetary sanctions fail to deter Plaintiff from his pattern of repeatedly filing frivolous lawsuits, an injunction containing rigorous requirements may be appropriate in the future."). ECF Nos. 5, 9.

[6] *See* No. 4:14-cv-342-RH-CAS, ECF No. 5 at 1 ("Plaintiff has been a frequent filer in this Court, having filed fifteen cases between 2005 and 2010. Since July 2014, Plaintiff has filed seven more cases."); No. 5:15-cv-268-JSM-PRL, ECF No. 3 at 1 ("Plaintiff is essentially a serial filer and continues to file the same actions repeatedly in differen[t] districts and divisions hoping for a different result."); *cf.* No. 5:15-cv0180-JSM-PRL, ECF No. 3 at 3 ("This is not Plaintiff's first rodeo. He has filed numerous actions in this district and the Northern District of Florida against various groups of

to go far beyond these labels; instead of simply filing many different cases *pro se*, Plaintiff essentially files the same case over and over despite being informed that his claims fail for various reasons. Plaintiff repeatedly has ignored the Court's orders and continues to consume the Court's limited resources with wholly frivolous complaints. Plaintiff has been pursuing the same claims against the same Defendants arising from the same facts for the past ten years via seven separate cases, including the instant case. Other courts have tried to prevent Plaintiff from pursuing the same course of action via warnings that sanctions may be imposed and the imposition of monetary sanctions, yet Plaintiff persists. It is time that Plaintiff's abuse of the judicial process with respect to his January 4, 2002 arrest, October 25, 2002 arrest, and May 8, 2003 revocation of probation comes to an end.

Accordingly, the undersigned recommends that the Court direct the Clerk to refuse any further civil filings by Plaintiff in this District related to his January 4, 2002 arrest, October 25, 2002 arrest, and May 8, 2003 revocation of probation (notwithstanding any cases currently pending)[7]

_____

defendants arising from the state revocation of probation proceedings.")

[7] Plaintiff currently has three other cases pending before this Court: (1) *Rolle v. Perry*, No. 4:16-cv-426-RH-GRJ (N.D. Fla. July 13, 2016) (asserting claims related to Plaintiff's October 25, 2002 arrest and the subsequent search of his residence); (2) *Rolle v. Tallahassee Police Dep't*, No. 4:16-cv-425-RH-GRJ (N.D. Fla. July 13, 2016) (asserting claims related to Plaintiff's early 2002 arrest, subsequent conviction, and probation sentence); and (3) *Rolle v. Glenn*, No. 4:17-cv-134-MW-CAS (N.D. Fla. Mar.

unless the filing is either accompanied by the full filing fee or upon prior judicial review and approval.

Upon due consideration it is **ORDERED** that:

Plaintiff's motion for leave to file a second amended complaint, ECF No. 59, is **DENIED**; and

It is respectfully **RECOMMENDED** that:

1. Defendant City of Tallahassee's motion to dismiss, ECF NO. 38, should be **GRANTED**.

2. Defendants Judge Bateman, Judge Hood, and Maceluch's motion to dismiss, ECF No. 43, should be **GRANTED**.

3. This case should be **DISMISSED** with prejudice pursuant to § 1915(e)(2)(B).

4. The Clerk should be directed to refuse any further civil filings by Plaintiff related to his January 4, 2002 arrest, October 25, 2002 arrest, and May 8, 2003 revocation of probation, unless the filing is either accompanied by the full filing fee or upon prior judicial review and approval.

**IN CHAMBERS**, this 10th  day of April, 2017.

_s/Gary R. Jones_

GARY R. JONES
United States Magistrate Judge


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

---

17, 2017) (asserting claims related to Plaintiff's arrests in 2015 and 2016 on violations of probation and subsequent revocation proceedings).

thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.